# United States Tax Court

T.C. Memo. 2025-78

GENIE R. JONES, ET AL.,[1]
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent[2]

————————

Docket Nos. 17165-19, 17169-19,                      Filed July 21, 2025.
17177-19, 17178-19,
17187-19, 17201-19,
17205-19, 17206-19.

————————

*Philip Garrett Panitz* and *Matthew J. Jacobs*, for petitioners.

*Nancy M. Gilmore, Harry J. Negro, Bradley C. Plovan, Aaron M. Bailey, Mary Ann Waters*, and *Lee H. Gyomlai*, for respondent.

## SUPPLEMENTAL MEMORANDUM OPINION

NEGA, *Judge*: On March 25, 2025, the Court filed a Memorandum Opinion in these consolidated cases upholding

---

[1] Cases of the following petitioners are consolidated herewith: Clear Sky Insurance Co., Inc., Docket No. 17169-19; Steven C. Hoover and Sandra L. Medlin, Docket No. 17177-19; Ray Dallago and Mark P. Butzko, Docket No. 17178-19; Richard J. Shor and Theodosia E. Shor, Docket No. 17187-19; Jeffrey D. Chase and Lisa R. Chase, Docket No. 17201-19; Robert C. Maxson and Sherry A. Maxson, Docket No. 17205-19; and Chris Ballew, Docket No. 17206-19.

[2] This Opinion supplements our previously filed opinion *Jones v. Commissioner*, T.C. Memo. 2025-25, which is incorporated herein by this reference, including all finding of facts and analysis.

[*2] respondent's deficiency determinations. *Jones*, T.C. Memo. 2025-25, at *50.

On April 10, 2025, respondent filed a Motion to Clarify Order, contending that the Court's March 25, 2025, Opinion was ambiguous. On April 29, 2025, petitioners filed an Opposition to Motion to Clarify Order.

The Court agrees with respondent that in the March 25, 2025, Opinion, the Court failed to fully clarify two important issues: (1) whether Clear Sky Insurance Co., Inc. (CSI), was entitled to exclude insurance premiums from income under section 831(b)[3] for either the 2015 or the 2016 tax year (tax years at issue) and (2) whether CSI must recognize as income for 2015 the $781,977 it received in 2015 and reported as unearned insurance premiums for that year.

In this Supplemental Memorandum Opinion, the Court holds that (1) CSI was not entitled to exclude from income the amounts paid to it as insurance premiums in the tax years at issue, and (2) CSI must recognize as income for 2015 the $781,977 it received that year and reported as unearned insurance premiums.

Both holdings follow directly from our prior holding that "the CSI Program did not constitute 'insurance' for federal income tax purposes." *Jones*, T.C. Memo. 2025-25, at *5.

With respect to the first issue, section 831(b) allows for certain small insurance companies to exclude premiums from income. If a company is not an "insurance company" for federal income tax purposes, the section 831(b) exclusion fails and the payments received are income. *See Syzygy Ins. Co. v. Commissioner*, T.C. Memo. 2019-34, at *45. For the reasons explained in our March 25, 2025, Memorandum Opinion, we have concluded and hold that CSI was not an insurance company in the tax years at issue. Since CSI was not an insurance company in the tax years at issue, the payments it received in those years are income to it.

The second issue concerns the timing of income received in 2015 as unearned insurance premiums. Section 832(b)(4) allows for the deferral of unearned insurance premiums for insurance companies. Section 832(b) does not apply to the payments CSI received in 2015

---

[3] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*3]** because CSI was not an insurance company in 2015.  *See Jones*, T.C. Memo. 2025-25, at \*5.  Accordingly, the funds it received in 2015 are income to CSI for that year.  *See* § 61; *see also Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 430 (1955).

Petitioners contend that the funds CSI received in 2015 may be excludable from income under section 351.  This "capital contribution" theory is different from any theory advanced by petitioners in their Petitions, at trial, or in their posttrial briefs.  Because petitioners failed to articulate the section 351 "capital contribution" theory in their Petitions, at trial, or in posttrial briefs, petitioners have waived this argument.  *See* Rule 34(b)(1)(G); *see also Estate of Atkinson v. Commissioner*, 115 T.C. 26, 35 (2000) (deeming issue not addressed in posttrial brief to be waived or conceded), *aff'd*, 309 F.3d 1290 (11th Cir. 2002).

To reflect the foregoing,

*An appropriate order will be issued.*